UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60426-CIV-COHN/SELTZER

ROBERT COHEN,

    Plaintiff,

v.

THOMAS A. THOMAS, JR.,
TRUSTEE,

    Defendant.

_____/

## ORDER GRANTING MOTION TO INTERVENE

**THIS CAUSE** is before the Court upon the Motion to Intervene [DE 13], filed by Anthony Balzebre and Dorothy Balzebre (together, "the Balzebres"). The Court has considered the motion, Defendant's response [DE 18], the Balzebres' reply [DE 19], the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On February 25, 2013, Plaintiff Robert Cohen filed this action against Defendant Thomas A. Thomas, Trustee ("Thomas"), for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* Thomas is the fee simple owner of the subject property, which is a shopping plaza located at 3031 Johnson Street, Hollywood, Florida. The Balzebres are lessees of the plaza, with a 99-year lease ending in the year 2059. They have attached a copy of the lease [DE 13-1] to the motion, and Thomas does not dispute the validity of the attached document. As it pertains to the present matter, the lease provides that the Balzebres will, at their sole cost and expense,

> make all repairs, alterations and/or additions, whether ordinary or
> extraordinary, that may be required by any present or future law,
> ordinance, regulation or statute in connection with the occupation and use
> of the demised premises and all repairs which may be necessary to
> prevent the building or buildings and/or furniture and furnishings from
> falling into a state of ill-repair . . . .

DE 13-1 at 17. Additionally, the lease states that the Balzebres "shall indemnify and keep harmless the Lessors from and against any loss, cost, damage and expense arising out of and in connection with any building and improvement upon said premises . . . ." Id. at 28. Further, it provides that the Balzebres will be found to have breached the lease if they fail to "conform to . . .all . . . laws and regulations of . . . the United States of America . . . ." DE 13-1 at 17. Based on their obligations under the lease, the Balzebres assert that they have a substantial interest in this action, separate from Thomas' interest. Thus, in the instant motion, the Balzebres seek to intervene as of right as Defendants in this matter. Thomas opposes the motion.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 24(a)(2), a party may intervene as of right if he can establish that:

> (1) his application to intervene is timely; (2) he has an interest relating to
> the property or transaction which is the subject of the action; (3) he is so
> situated that disposition of the action, as a practical matter, may impede
> or impair his ability to protect that interest; and (4) his interest is
> represented inadequately by the existing parties to the suit.

Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989). If a party establishes all four prerequisites to intervention, the Court must permit him to intervene. See United States v. Georgia, 19 F.3d 1388, 1393 (11th Cir. 1994). Here, Thomas does not dispute the motion as it pertains to the first three factors. Rather, Thomas contends

only that the Balzebres have failed to demonstrate inadequate representation. Generally, the proposed intervenor meets this requirement if he "'shows that representation of his interest may be inadequate, and the burden of making that showing should be treated as miniminal.'" Danner Constr. Co. Inc. v. Hillsborough Cnty., No. 8:09-CV-650-T-17TBM, 2009 U.S. Dist. LEXIS 79488, at *12 (M.D. Fla. Aug. 17, 2009) (quoting Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972)).  The inquiry with regard to this factor "is guided primarily by practical considerations, not technical distinctions." Ga. River Network v. United States Army Corp of Eng'rs, No. 4:10-cv-00267, 2011 U.S. Dist. LEXIS 84327, at *10 (S.D. Ga. Aug. 1, 2011) (internal citations omitted).  Generally, a party seeking intervention under Rule 24(a)(2) "should be allowed to intervene unless it is clear that [the existing parties] will provide adequate representation." Chiles, 865 F.2d at 1214 (quoting 7C Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1909, at 319 (2d ed. 1986)).   Here, the Balzebres assert that Thomas is unable to adequately represent their interests for two reasons.  First, they assert that they, not Thomas, would bear the responsibility for paying for necessary repairs if Plaintiff prevails on his claim.  Moreover, they claim that they are responsible for indemnifying Thomas for his costs of litigation.  Therefore, they argue that they have a stronger incentive to control the scope and costs of repairs, and to limit litigation expenses.  Second, they contend that their contractual obligation to use the property in a manner that "conform[s] to . . .all . . . laws and regulations of . . . the United States of America," gives them a distinct interest in defending this action.  Under this provision, they have a duty to comply with the ADA and its associated regulations.  Thus, the Balzebres assert that a judgment for

Plaintiff in this suit would constitute evidence that they breached the lease, making them subject to eviction by Thomas.

The Court finds these arguments meritorious.  It is undisputed that the Balzebres have a direct financial stake in the outcome of this litigation, and that Thomas does not.  Thomas responds that, even without such a stake, he is still legally responsible for ensuring that the property is ADA-compliant.  Even so, the Court is not convinced that he would defend this action as willingly as the parties who are ultimately responsible for paying for repairs.  See Danner, 2009 U.S. Dist. LEXIS 79488, at *12-13 (finding inadequate representation because the intervenors had a "direct financial interest" in the outcome of the case, while the defendant did not).  Indeed, as the Supreme Court noted, "the fact that the interests are similar does not mean that the approaches to litigation will be the same." Trbovich, 404 U.S. at 539.  Moreover, the Balzebres' interests are not wholly similar to those of Thomas.  They have a separate interest in this case as it bears on their contractual obligation to ensure that the property complies with relevant laws and regulations.  It is clear that a tenant's interest in avoiding breach and possible eviction may not be adequately represented by his landlord.  Consequently, the Court finds that the Balzebres have met their burden of showing that the representation of their interests may be inadequate.  Accordingly, the motion will be granted.  Thus, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Motion to Intervene [DE 13], filed by Anthony Balzebre and Dorothy Balzebre, is **GRANTED**;

2. The Clerk of Court is directed to add Anthony Balzebre and Dorothy Balzebre as defendants in this action; and

3. Anthony Balzebre and Dorothy Balzebre shall file their response to the Complaint by no later than **June 25, 2013**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 18th day of June, 2013.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.